KING, J.,
for the Court:
¶ 1. This workers’ compensation case comes before this Court as an appeal by the employer/carrier from the Circuit Court of Simpson County, which on December 6, 1996 affirmed the order of the Workers’ Compensation Commission. This case involves a prior back injury which was admittedly work related, followed by a subsequent back injury that led to this appeal. As the appellants’ brief points out, the case turns upon whether there was an intervening cause between the two injuries. The issues raised on appeal are: 1) whether Fowler’s injury in July of 1994 was related to her admittedly work related injury in November of 1992; 2) whether Fowler was permanently partially disabled; and 3) whether the appellants are liable for medical treatment incurred in the July of 1994 injury.
FACTS
¶ 2. Helen Darlene Pace Fowler began working for Walmart Stores, Inc. [Wal-mart] in its store in Magee, Mississippi in *1184 1985. On November 2, 1992, she was putting out dog food while working as a manager in the store’s pets and toys department, when something popped in her back and she went numb form the waist down. Fowler filed a workers compensation claim, and was treated by Dr. Frank Wade. During the initial visit, Dr. Wade initially diagnosed a back strain and noted a slight degenerative spurring in the lumbar spine as well as a mild wedge configuration multiple dorsal vertebrae. By the end of November, 1992, Fowler returned to light work. There is no dispute that this injury was compensable under the Workers’ Compensation Law, Miss.Code Ann. § 71-3-1, et seq.
¶ 3. After Fowler returned to work in November, 1992, she never resumed her duties that included “heavy lifting.” Instead, she performed clerical duties and eventually returned to full time employment. According to her testimony, she continued to suffer from “pain in the back, and it went down in my legs.” She reported this to her supervisor, and missed several days of work. Richard Burch, Wal-mart’s store manager, confirmed that Fowler complained of continuing back pain and missed some time from work. Fowler continued to be treated by Dr. Wade, who prescribed muscle relaxants, pain pills and injections. Dr. Wade also referred Fowler to Dr. Greg Wood, an orthopedic surgeon, who saw her twice, but surgery was not found to be an appropriate treatment.- Dr. Woods noted that Fowler had desiccated disks at L4-5 and L5-1, and he diagnosed degenerative disc disease. His notes from April 5th state that he found she had reached maximum medical improvement with no impairment.
¶ 4. On July 20, 1994, Fowler was at home, brushing her hair before going to work, when she again experienced something pop in her back and numbness in her legs. She was admitted to Magee General Hospital, where Dr. Wade again treated her. X-rays revealed slight scoliosis due to splinting and muscle spasms, and small osteophyte at the L4-5 level. Dr. Joe Ferguson, the radiologist, noted this scoliosis was not present in the x-rays taken in November 1992.
¶ 5. Dr. Woods referred Fowler to a neurologist, Dr. Berth Blanchard, who testified by deposition. She stated that she reviewed an MRI taken on August 15, 1994 which did not show any disk herniation but did show degenerative changes at the L5-S1 disk. A second MRI, taken on March 3, 1995, caused her to change her diagnosis to a herniated disk at the L5-S1 level. During questioning by Fowler’s attorney, she stated that the injury she first diagnosed from looking at the first MRI was related to the work related injury of November 2, 1992. Nevertheless, during cross-examination, she reviewed two additional MRI’s and was asked whether the July 20,1994 injury, incurred while Fowler brushed her hair, could be an intervening cause between the admittedly work related injury of November 2, 1992 and the ruptured disk shown in the MRI of March 3, 1995. Blanchard responded, “Yeah, I would think that that [disk rupture] definitely correlates to a more recent injury.” However, upon re-direct she was asked, “[h]ow many people have you ever treated for injuries to the back that occurred that were caused by brushing or combing their hair?” Dr. Blanchard answered, “I guess she’s the only one.” This response concluded the deposition.
¶ 6. In March of 1995, Dr. Blanchard referred Fowler to Dr. Edward Connolly, a neurosurgeon, at the Oschner Clinic in New Orleans, Louisiana. Dr. Connolly initially saw Fowler on April 5, 1995. Dr. Connolly interpreted the x-rays taken on March 5, 1995 as showing minor anterior traction spurring at L3^4 disc level, and interpreted an MRI taken that same day as showing a left para central protrusion and mild desiccation at the L4-5 level. Dr. Connolly concluded surgery was not indicated as appropriate treatment.
¶ 7. Fowler and Burch both testified that after the 1994 injury Dr. Blanchard re *1185 stricted Fowler to not lifting in excess of twenty-five pounds and not standing for more than thirty percent of her work time. Fowler testified that she worked only thirty hours per week following the 1994 injury, and Burch testified that number was between thirty-three and thirty-five.
ANALYSIS
¶ 8. The administrative law judge found: a preponderance of [the evidence] supports a conclusion that claimant’s back problems, for the most part, stemmed from a pre-existing degenerative disc problem which was dormant until aggravated by her industrial accident of November 2, 1992. Since that aggravation claimant continued to have back problems .... While employer contests the relationship between claimant’s November 2, 1992 accident and the back problems she experienced on July 20, 1994 and thereafter, I am inclined to find that they are due to the injury sustained in her accident....
Even assuming ¡that claimant’s back problem was not a continuation of back problems she had been experiencing since her accident, the evidence otherwise suggests the injury sustained in the accident made her easily susceptible to any additional injury she may sustained on July 20,1994. The evidence points to a conclusion that but for the aggravation of claimant’s degenerative disc problem by the November 2, 1992, claimant would not have been so easily susceptible to the July 20,1994 injury.
¶ 9. Nevertheless, despite finding that Fowler’s 1994 injury was a continuation of her work related injury in 1992, the administrative law judge also concluded that the recent disk rupture, which was shown in an MRI taken in March of 1995 and which Dr. Blanchard testified correlated to a more recent injury, “is not related to claimant’s industrial accident of November 2, 1992 and that employer is not obligated to pay for treatment of this problem.” Fowler did not file any cross-appeal, so the finding that the ruptured disk was not work related is not before this Court.
¶ 10. The burden of proof of affirmative defenses, including the defense of intervening cause, rests upon the employer. Marshall Durbin Companies v. Warren, 633 So.2d 1006, 1008 (Miss.1994). Under the defense of intervening cause, an employer remains liable for all manifestations of an injury, regardless of how long the manifestations continue, but if an “independent agency” terminates the effect of the original injury, the employer is not liable for subsequent injuries. Kelly Brothers Contractors, Inc. v. Windham, 410 So.2d 1322, 1324 (Miss.1982).
¶ 11. In this case, the Workers’ Compensation Commission [the Commission] affirmed the administrative law judge’s decision which found Fowler’s injury of 1994 was part of a continuous chain of back problems that arose from a preexisting condition which first manifested itself because of her 1992 injury that admittedly was work related. It is well settled that when a dormant, pre-existing condition is aggravated by a work related injury, the condition is compensable. Port Gibson Veneer and Box Co. v. Brown, 226 Miss. 127, 130-31, 83 So.2d 757, 759 (1955). See also Dunn, Mississippi Workmen’s Compensation § 164 (3rd ed.1990). Both Dr. Woods and Dr. Blanchard diagnosed a degenerative disk condition. Since the 1992 injury, Fowler had continuously complained of back problems and sought medical treatment. As such, the decision of the Commission was supported by credible evidence. See Medart v. Adams, 344 So.2d 141, 143 (Miss.1977). Alternatively, the Commission found that the 1992 injury made Fowler more susceptible to back injury, and' therefore the 1994 injury was compensable. As with pre-existing conditions, an employer remains liable for subsequent injuries related to a prior work related injury. Dunn,. Mississippi Workmen’s Compensation § 157 (3rd ed.1990). Dr. Ferguson’s records indicated that *1186 Fowler’s back condition continued to deteriorate following the 1992 injury. This decision was supported by credible evidence. See Medart v. Adams, 344 So.2d at 143 (Miss.1977).
¶ 12. Concerning the award of permanent partial disability benefits, the administrative hearing officer found that Fowler was “unable to work a full shift and that she is presently working between five and ten hours less per week than what she was working at the time of her injury.” The Commission affirmed this decision. The testimony of Fowler and Birch supported this finding, and as such substantial, credible evidence supported the Commission’s order. Id.
¶ 13. Concerning the award of medical expenses incurred in the treatment subsequent to the 1994 injury, the administrative law judge found that because the 1994 injury was related to the 1992 injury, Walmart was liable for treatment for the 1994 injury, and the Commission affirmed this finding. Having found that the Commission’s finding of no intervening cause was supported by the evidence, Walmart is liable for all treatment incurred as a result of the 1994 injury. See Jordan v. Hercules, 600 So.2d 179, 185 (Miss.1992).
¶ 14. In conclusion, the Commission’s finding that Fowler’s continuing back problems were related to the admittedly work related injury of 1992 is supported by both fact and medical evidence. We find no error.
¶ 15. THE JUDGMENT OF THE SIMPSON COUNTY CIRCUIT COURT IS AFFIRMED. APPELLANTS ARE TAXED WITH ALL COSTS OF THIS APPEAL PLUS STATUTORY DAMAGES AND PENALTY.
BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ„ CONCUR.
McMILLIN, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J.